IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Docket No: 2:18-cr-00693-MBS |
| | ) | |
| vs. | ) | **DEFENDANT'S MOTION FOR A** |
| | ) | **DOWNWARD VARIANCE** |
| | ) | **FROM THE SENTENCING** |
| | ) | **GUIDELINES AND** |
| | ) | **SENTENCING MEMORANDUM** |
| SCOTT ASHLEY CASCONE | ) | |
| | ) | |
| | ) | |

The Defendant, Scott Ashley Cascone ("Defendant" or "Cascone"), by and through his undersigned counsel, Jerry N. Theos, hereby respectfully moves for a variance from the United States Sentencing Guidelines ("Guidelines" or "USSG"), as follows below.

## I.    INTRODUCTION

On March 11, 2018, the Defendant was charged in a twelve count Indictment with production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Counts 1-3); use of interstate commerce facility to entice minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) (Counts 4-6); distribution of child pornography in violation of 18 U.S.C. §2252A(a)(2) and 2252A(b)(1) (Count 7); receipt of child pornography in violation of 18 U.S.C § 2252A(a)(2) and 2252A(B)(1) (Count 8); possession of child pornography involving a prepubescent minor in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2) (Count 9); and transfer of obscene material to a minor in violation of 18 U.S.C. § 1470 (Counts 10-12).  On August 9, 2019, Cascone pled guilty to count one in the Indictment for production of child pornography in violation of 18 U.S.C.

§ 2251(a) and 2251(e).  Pursuant to the Plea Agreement, counts 2 ,3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 in the Indictment were dismissed.

On October 31, 2019, a Pre-Sentence Report ("PSR") was issued by U.S. Probation Officer Kelli M. Frye which calculated the Total Offense Level at 40 with a Criminal History Category of II pursuant to the Guidelines.  The Total Offense Level was calculated as follows:

32     Base Offense Level per USSG § 2G2.2(a)(1)

+2     Adjustment for the offense involving a minor who had attained the age of twelve years but not attained the age of sixteen per USSG § 2G2.1(b)(2)

+2     Adjustment for the offense involving a sexual act per USSG § 2G2.1(b)(2)(A) [1]

+2     Adjustment for the use of a computer per USSG § 2G2.1(b)(2)(a)

+5     Adjustment for repeat offender per USSG § 4B1.5(b)(1).

-2     Acceptance of Responsibility Adjustment per USSG § 3E1.1(a)

<u>-1     Additional Adjustment per USSG § 3E1.1(b)</u>

40     Total Offense Level

As the PSR reflects, the advisory Guidelines range in this case, prior to a departure or variance, is 324 months to 360 months in prison, pursuant to U.S.S.G § 5C1.1(f). However, as set forth herein, a departure or variance from that range is authorized and appropriate under the Guidelines and Title 18, United States Code, Section 3553. This Court may not presume that the foregoing Guidelines range is reasonable.  <u>Gall v. United States</u>, 128 S.Ct. 586, 596 (2007).

---

[1] The undersigned counsel submitted an objection to the USSG 2G2.1(b)(2)(A) 2 level enhancement on the grounds that Defendant was not involved in the commission of either a sexual act or sexual conduct, as referenced in the PSR and as defined in 18 USC Section 2246(2) or (3). On November 27, 2019, U.S. Probation Officer Kelly Frye submitted an Addendum to the Presentence Report reflecting the Defendant's objection.

## II.     PERTINENT BACKGROUND FACTS

Well respected MUSC Psychiatrist Leonard W. Mulbry, Jr., M.D., examined Cascone and identified multiple mitigating factors with regards to this case[2]. A review of Cascone's life identifies and discusses these factors and puts them into perspective relative to sentencing.

Cascone has no information about his biological mother or father, and has never met them. Cascone suffered from major childhood trauma when his adoptive mother died of liver carcinoma when Cascone was nine years old. In addition, Cascone was molested twice by a housekeeper when he was nine and ten years old. His father believes that Cascone was also molested as a child by an adult male in the neighborhood, although Cascone never discussed the same with his family. After his mother's death, Cascone was raised primarily by his father and older brother, Darryl, who is four years older than Cascone. As a child, Cascone was reported to have ADHD, and was temporarily discharged from his elementary school for hyperactivity. However, he never received a full psychological/psychiatric assessment nor was he diagnosed with ADHD, because his mother refused to medicate him.

At about age fifteen, in part due to the emotional and physical trauma he had endured, Cascone began abusing alcohol. Between the ages of twenty-one and twenty-five, Cascone engaged in excessive alcohol consumption, as he would binge drink every couple of days. Cascone began smoking marijuana at approximately the age of eighteen. Cascone then became a daily marijuana user, averaging approximately two grams per day. Based upon Cascone's history of the excessive use of marijuana on a regular and daily

---

[2] See Exhibit A, Confidential Psychological Report by Dr. L. William Mulbry (hereinafter "Mulbry Report" or "Mulbry Evaluation"), attached hereto and incorporated herein by reference.

basis, Dr. Mulbry diagnosed Cascone with Cannabis Use Disorder in a Controlled Environment. According to Dr. Mulbry, Cascone does not recognize the impact that this abuse of marijuana had on his day to day life, as evidenced by Cascone's inability to maintain long-term employment or relationships, and his impulsive acts which have created legal problems. Dr. Mulbry believes this extreme drug usage impaired Cascone's inhibitions and played a significant role in his re-offense.

In addition to Mulbry's evaluation, board-certified criminal forensic psychologist, Dr. Geoffrey R. McKee, PhD, ABPP, conducted three psychosexual evaluations on Mr. Cascone, which included an analysis of his personal and sexual history, as well as the administration of the Information & Orientation Scale (I&O) from the Wechsler Memory Scale-3rd Edition, the Personality Assessment Screener (PAS), the Multiphasic Sex Inventory II Pornography scale (MSI-II/PO), the Multiphasic Sex Inventory II Treatment Progress Scales (MSI-II/TPS), and the Screening Scale for Pedophilic Interest (SSPI)[3]. On November 9, 2018, Dr. McKee conducted a psychosexual evaluation of Mr. Cascone after his arrest for the charges set forth in the twelve-count indictment. Dr. McKee opined that Cascone's scores on the PAS indicated that he was not exaggerating (malingering) or minimizing (defensive) his responses to avoid or escape the legal proceedings against him, despite approximately 94% of men with similar PAS results will report significant emotional/psychological symptoms and have a marked risk for experiencing clinical problems. Cascone's PAS results, according to Dr. McKee, suggested that he has marked problems with impulsivity, sensation-seeking, and reckless behavior consistent with diagnoses involving substance abuse, personality disorders, and thoughts of suicide and

---

[3] See Exhibit B, Confidential Forensic Psychosexual Evaluation Report by Dr. Geoffrey McKee (hereinafter "McKee Report" or "McKee Evaluation"), attached hereto and incorporated herein by reference

self-harm. Moreover, according to Dr. McKee's report, Cascone's SSPI results are not consistent with a diagnosis of Pedophilia or Pedophilic Disorder. In fact, Dr. Mulbry opined that Cascone's psychiatric diagnosis is a paraphilic disorder unspecified, which is a condition characterized by abnormal sexual desires.

On December 17, 2019, Dr. McKee performed a third psychosexual evaluation after Cascone entered into his guilty plea on August 1, 2019. Dr. McKee's psychosexual evaluation of Cascone on December 17, 2019 included an updated personal and sexual history as well as administration of the Information & Orientation Scale (I&O) from the Wechsler Memory Scale-3rd Edition, the Trauma Symptom Inventory (TSI), and the Personality Assessment Inventory (PAI). On the PAI, McKee opined that Cascone produced a valid and unbiased test profile in which he was neither exaggerating nor minimizing/denying psychological and emotional problems in an effort to evade or escape his pending incarceration. McKee opined that Cascone's PAI results reflected his history of significant substance abuse/dependence, and all other clinical scales were within normal limits, including scales measuring excessive anxiety and anxiety-related disorders. Dr. McKee notes that Cascone's score on the Violence Potential Index (VPI; combination of PAI scales and subscales) was within normal limits, and the two scales to measure tendencies to use force (Aggression) and/or verbal/physical coercion (Dominance) in interpersonal relationships were within normal limits. Dr. McKee further noted that the most common diagnoses of men with Mr. Cascone's PAI results is: Substance Dependence and Alcohol Abuse. Mr. Cascone's PAI results, according to Dr. McKee, indicated that every treatment-related scale was within normal limits and not clinically elevated, suggesting a very positive prognosis. Dr. McKee opined that Cascone's PAI results suggest

that although he is currently experiencing stressful circumstances, that he has a number of supportive relationships and a relatively intact social support system that is a favorable prognostic sign for future adjustment. Dr. McKee found that Cascone's interest in and motivation for treatment is similar to others in therapy and is higher than adults who are not. Though the nature of his problems (substance dependence, sexual impulses) are challenging, Dr. McKee opined that Cascone's PAI results indicate that he acknowledges important problems in his life and needs help to manage and overcome his difficulties. Dr. McKee found that men with these PAI results, such as Cascone's, are described as having a positive attitude to the possibility of personal change, the value of therapy, and the importance of personal responsibility.

## II. SENTENCING PARADIGM PER BOOKER, GALL, USSG AND 18 U.S.C. § 3553

The Guidelines are now but one of seven statutory factors to weigh when formulating a sentence. United States v. Booker, 125 S. Ct. 738 (2005); 18 U.S.C. § 3553. In Booker, the Supreme Court held that the mandatory manner in which the Guidelines required courts to impose sentencing enhancements based on facts found by the court, by a preponderance of the evidence, violated the Sixth Amendment to the Constitution. The Supreme Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C. § 3553(b)(1) (requiring sentencing courts to impose a sentence within the applicable Guideline range), and 18 U.S.C. § 3742(e) (setting forth appellate standards of review for Guideline issues), thereby making the Guidelines advisory. Booker, 125 S.Ct. at 756-57. Although the Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." Booker, 125 S.Ct. at 767.

Since Booker was decided, the Fourth Circuit has instructed that a district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Next, the court must "determine whether a sentence within that range ... serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors." United States v. Moreland, 437 F.3d 424 (4th Cir. 2006); United States v. Green, 436 F.3d 449, 455, 4th Cir. 2006). In making this determination, the court should first look to whether a departure is appropriate based on the Guidelines or relevant case law and, if an appropriate basis for departure exists, the district court may depart. Id.; United States v. Rybicki, 96 F.3d 754 (4th Cir. 1996). If the resulting departure range still does not serve the factors set forth in § 3553(a), the court may then elect to impose a non-Guidelines sentence (a "variance sentence"), but should explain its reasons pursuant to 18 U.S.C. § 3553(c)(2). Hughes, supra. The sentence must be "within the statutorily prescribed range and ... reasonable." Id. at 546-47 (emphasis added).

On December 10, 2007, the United States Supreme Court modified the Fourth Circuit approach to sentencing as set forth in its decision of Gall v. United States, 128 S.Ct. 586 (2007). In Gall, the Supreme Court set forth the sentencing paradigm as follows:

> "As we explained in Rita, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. See 551 U.S., at ----, 127 S.Ct. 2456. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. See Id., at ----, 127 S.Ct. 2456. He must make an

individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Id., at 127 S.Ct. 2456.

Thus, first, the Court must establish the Sentence under the Guidelines. Second, the Court must allow the parties to argue for the sentence they deem appropriate. Third, the Court must consider all of the factors set forth in 18 U.S.C. § 3553(a), decide an appropriate sentence and adequately explain the chosen sentence.

### IV.     A VARIANCE IS WARRANTED UNDER 18 U.S.C. § 3553

This Court may vary from the advisory Guidelines to impose any reasonable sentence based on a consideration of the § 3553 factors. Booker at 757, 767. As analyzed below, a variance from the Guidelines is warranted, and a sentence of the statutory mandatory minimum of fifteen years with reasonable special conditions upon release, is authorized and appropriate under the facts of this case.

The factors set forth in Title 18, United States Code, Section 3553, are as follows:

(a) Factors to be considered in imposing a sentence. --The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553.

### A.  Section 3553(a)(1)

The first set of factors in §3553(a)(1) -- the nature and circumstances of the offense and the history and characteristics of the defendant – favors Cascone.  The subject unlawful conduct was a non-violent offense: Cascone unlawfully engaged in online sexual communications with a 14-year old minor female, including instant messages and receiving photographs of the minor that were sexual in nature. Cascone readily admitted his guilt when arrested.  Cascone understands the severity of his behavior and certainly is extremely

remorseful for his conduct. Given the discussion of Cascone's tortured history as a youth, and the mitigation factors set forth in detail above and in Dr. Mulbry's Evaluation, it is clear that Cascone deserves a variance from the harsh 27 to 30 years confinement recommended under the Guidelines calculations. Moreover, as will be more fully described at sentencing, Cascone has the continued support of his family, and he needs their continued emotional support as well as a continuation of his current regimen of mental health treatment.

Cascone asks this Court to grant a variance based upon the nature and circumstances of his conduct. The Fourth Circuit has upheld a sentencing variance in a child pornography case based on the nature and circumstances of the defendant and his conduct, pursuant to Section 3553(a). United States v. Pauley, 511 F.3d 468, 469 (4th Cir. 2007).; see also United States v. Grober, 624 F.3d 592, 603 (3rd Cir. 2010) (collecting cases); United States v. Riley, 655 F.Supp.2d 1298 (S.D.Fla. 2009); United States v. McElheney, 630 F.Supp.2d 886 (E.D.Tenn. 2009); United States v. Beiermann, 599 F.Supp.2d 1087 (N.D.Iowa 2009); United States v. Phinney, 599 F.Supp.2d 1037 (E.D.Wis. 2009).

### B.  Section 3553(a)(3)

The second set of factors in § 3553(a)(2)(A)-(D) addresses several traditional sentencing considerations including the need to promote the seriousness of the offense, promote respect for the law, provide just punishment, adequately deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant needed educational or vocational training, medical care or other correctional treatment.

In this case, there is no indication of a need to protect the public from further criminal conduct by the Defendant. Cascone is fully focused on leading a law-abiding life and committed to rehabilitating himself to become a productive member of society. Since his arrest, Cascone has actively participated in substance abuse treatments and is receiving separate sex offender-specific treatment with mental health professionals. Dr. McKee and Dr. Mulbry opine that Cascone has a number of supportive relationships and an intact social support system, which is a favorable prognosis for his future treatment. There is simply no indication of a need to incarcerate Cascone longer than the statutory minimum as punishment for his crime -- what he needs is continued treatment for his illnesses. Considering the many physiological and psychological factors which have affected Cascone, who has fully admitted his guilt and the importance of personal responsibility, a sentence of 180 months is adequate to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. As opined by Dr. Mulbry in his Evaluation, "counseling and treatment specifically for sexual behaviors is the most effective form of treatment at this time."

Furthermore, as the Court will see at sentencing, Cascone has the support of this father and brothers, who will provide the emotional, disciplinary and financial support Cascone needs to continue to rehabilitate himself and re-assimilate into society and avoid repetition of the offensive conduct. The extent of a family's social support to act as restraints upon a defendant convicted of child pornography is a recognized factor in sentencing post-Booker. In United States v. Wachowiak, 496 F.3d 744 (7th Cir. 2007), the sentencing judge's imposition of a non-Guidelines sentence upon a defendant convicted of child pornography was upheld, in part, because of "the positive role [Defendant's] family

members, who promised to aid in his rehabilitation and reintegration into the community and support his efforts to avoid reoffending." In Wachowiak, the defendant's Guidelines sentence was cut by more than half. Id. (sentencing court believed mitigating circumstances outweighed aggravating ones wherein defendant cooperated with government, gave a detailed confession, expressed sincere remorse, and pleaded guilty in a timely fashion, and a sex offender counselor and a psychologist reported that defendant posed little risk of re-offending, was motivated to change, and was a good candidate for treatment).[4] So too, Cascone's family support system should be considered as a basis for a departure in the case at bar.

The Guidelines sentence range of 324-360 months in prison also substantially overstates the seriousness of Cascone's crime. Courts have recognized the concept that a Guidelines sentence can substantially overstate the seriousness of a crime and thus be a proper basis for a downward departure. United States v. Brennick, 134 F.3d 10 (4th Cir. 1998) ("notion … that the loss table may under- or overstate the seriousness of the offense is little more than another way of saying that departures … may be warranted for good cause."); see also, USSG § 4A1.3(b)(1) (downward departure may be warranted when criminal history substantially over-represents the seriousness of the crime or the likelihood that the defendant will commit other crimes). Here, Cascone should not be required to 324

---

[4] Like the defendant in Wachowiak, Cascone's mitigating circumstances outweigh any aggravating ones; he cooperated with government, gave a detailed confession, expressed sincere remorse, pleaded guilty in a timely fashion, is motivated to change, actively seeks mental health treatment, and medical experts opine that Cascone is a good candidate for further rehabilitative mental health treatment. Moreover, his continued and uninterrupted incarceration since March 17, 2016 through the present (47 months) has had a dramatic, yet positive impact.

to 360 months of incarceration for possessing child pornography because the Guidelines calculation seriously overstates the seriousness of the crime.[5]

### C. Section 3553(a)(3)

The third factor in § 3553(a)(3) -- the kinds of sentences available – encourages the Court to consider sentencing options, such as the statutory mandatory minimum. Here, for the reasons stated above, a sentence of 180 months followed by a period of supervised release, or a lifetime supervised release, with appropriate special conditions is certainly "reasonable" and therefore authorized under Booker.

The United States Supreme Court recently held that custodial sentences are qualitatively more severe than probationary sentences of equivalent terms, but offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty. See United States v. Knights, 534 U.S. 112, 119, (2001) ("Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled' " (quoting Griffin v. Wisconsin, 483 U.S. 868, 874 (1987))). Probationers may not leave the judicial district, move, or change jobs without notifying, and in some cases receiving permission from, their probation officer or the court. They must report regularly to their probation officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, and refrain from excessive drinking. USSG § 5B1.3. Most probationers, which would include Cascone, are also

---

[5] Cascone is certainly not asserting his crime is not a serious offense. He simply did not appreciate the seriousness of his offense at the time, and he believes the Guidelines penalty for his conduct is excessive. As noted below, his charge involves the possession of approximately one dozen images of a 14-year old minor that were sexual in nature, which, while offensive, does not warrant between 27 and 30 years of incarceration. The unreasonable harshness of the child pornography Guidelines, which result in seriously overstated recommended sentences, is widely recognized. See, e.g., United States v. D.M., 942 F.Supp.2d 327, 347-49 (E.D.N.Y 2013) ("The unreasonable harshness of the Guidelines for an offense of child pornography possession, of which defendant is charged, has been recognized by courts and judges from across the country.").

subject to individual "special conditions" imposed by the court. Cascone, for instance, upon his release, may not have any unsupervised contact with children under the age of eighteen, or possess or purchase access to any form of computer network unless approved by the U.S. Probation Office. Moreover, upon his release, Cascone must comply with the sex offender registration laws and refrain from frequenting any locations that could act as a sexual stimulus. Accordingly, it is respectfully submitted that an incarceration sentence at the statutory mandatory minimum of 180 months still significantly limits Cascone's freedom, and combined with the special conditions of supervised release, will constitute adequate punishment for Cascone and serve as a forceful, tangible reminder to the community of the seriousness of the offense.

### D.  Sections 3553(a)(4) and (a)(5)

The fourth and fifth factors in § 3553(a)(4)-(5) require the Court to consider the Guidelines and USSG Policy Statements applicable to the case.  Even if the Court were to conclude that a Guidelines departure was not technically available, a variance based upon the same factors set forth above would still certainly be warranted and reasonable.  The Guidelines range of 324 months to 360 months incarceration results from a Level 40 offense level and Category II criminal history. Again, however, the Guidelines are not mandatory nor should they be presumed reasonable. Nelson v. United States, 129 S.Ct. 890 (2009); See also United States v. Grober, 624 F.3d 592, 603 (3rd Cir. 2010) (finding that numerous Courts across the country have found Section 2G2.2 flawed).  The Guidelines are just one of many factors this Court must consider. This Motion sets forth ample support for a Guidelines downward variance in this case.

### E.  Section 3553(a)(6)

The sixth factor in § 3553(a)(6) requires this Court to consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. In this case, while all of the aforesaid mitigating circumstances justifying a variance are factors that distinguish this case from the heartland of similar child pornography possession cases, a review of similarly situated defendants convicted of child pornography charges demonstrably support a non-Guidelines sentence in Cascone's case. See U.S. v. Rivas, 575 Fed. Appx. 104 (4th. Circ. 2014) (180–month sentence for producing and transporting child pornography); U.S. v. Wagner, 88 Fed. Appx. 593 (D.S.C. 2004) (151-month sentence for production and possession of child pornography); U.S. v. Cox, 744 F.3d 305 (4th. Cir. 2014) (240-month sentence). To further illustrate the disparity among similarly situated defendants, and by way of example, of the twenty-four Child Pornography convictions in the District of South Carolina in fiscal year 2018, the mean sentence length was 115 months and the median sentence length was 46 months[6]. Of the 108 Sexual Abuse convictions in the Fourth Circuit in fiscal year 2018, the mean sentence length was 207 months and the median sentence length was 189 months[7]. Both these statistics fall well under the recommended guideline range for Cascone.

Cascone's offense was undoubtedly serious, and the need to deter similar conduct is legitimate. Nonetheless, although Cascone's conduct was reprehensible, this Court can determine that a sentence below the Guidelines range would be sufficient, but not greater

---

[6] Source: U.S. Sentencing Commission, 2018 Datafile, USSCFY18; https://www.ussc.gov/research/data-reports/geography/2018-federal-sentencing-statistics
[7] Source: U.S. Sentencing Commission, 2018 Datafile, USSCFY18; https://www.ussc.gov/research/data-reports/geography/2018-federal-sentencing-statistics

than necessary, to comply with the need for a sentence as defined by 18 U.S.C. § 3553(a)(2). Cascone has been analyzed by medical professionals and found to be intelligent and capable of maintaining steady employment. He is still relatively young, and struggles with mental health issues. He has accepted responsibility and expressed remorse for his actions, and he has been incarcerated for forty-seven (47) months, which has had a tremendous impact as well. Furthermore, Cascone is not a child molester, nor has he been diagnosed with Pedophilia disorder[8]. As reflected above, the average sentence for conduct similar to Cascone's in this District and Circuit, and throughout the United States, is far below the bottom of the Guidelines' recommended sentence. As such, a sentence within the Guidelines would create a sentencing disparity.

### F.  Section 3553(a)(7)

The seventh factor in § 3553(a)(7) focuses on restitution. As noted in the pre-sentence investigation report, Cascone has limited financial means. If the Court determines to order restitution to the victim in this case, Cascone respectfully requests that restitution be limited to only those recoverable losses proximately caused by the Cascone's conduct, as required by the Mandatory Restitution for Sexual Exploitation of Children Act, 18 U.S.C. § 2259. Otherwise, restitution should have no bearing on the sentence imposed.

In sum, Cascone respectfully requests that this Court carefully consider the Section 3553(a) factors in conjunction with the aforesaid circumstances described above, and find that a downward variance from the Guidelines to a term of incarceration at the statutory mandatory minimum of 180 months is warranted.

---

[8] Dr. Mulbry diagnosed Cascone with Paraphilic Disorder, Unspecified, and not Pedophilia Disorder, See Ex. A.

## **CONCLUSION**

In sum, Cascone's characteristics, as well as the need to avoid unwarranted sentencing disparities, demonstrate to the Court that a sentence of the statutory mandatory minimum of 180 months is sufficient but not greater than necessary to provide adequate deterrence, just punishment, and an opportunity for correctional treatment to the Defendant. For these reasons, and based upon the foregoing authorities, arguments, expert reports, and evidence to be presented at sentencing, Cascone respectfully requests that the Motion be granted.

Respectfully submitted,

            The Theos Law Firm, LLC

By:    s /Jerry N. Theos
       Jerry N. Theos, Esq. (Fed. I.D. 4055)
       John H. Guerry Esq. (Fed. I.D. 12155)
       11 State Street
       Charleston, SC 29401
       jerry@theoslaw.com
       john@theoslaw.com
       (843) 577-7046
       **Attorneys for Defendant Scott Ashley Cascone**

January 17, 2020
Charleston, SC

2:18-cr-00693-MBS     Date Filed 01/17/20    Entry Number 45     Page 18 of 18