IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Docket No: 2:18-cr-00693-MBS |
| | ) | |
| vs. | ) | **ADDENDUM TO** |
| | ) | **DEFENDANT'S MOTION FOR A** |
| | ) | **DOWNWARD VARIANCE AND** |
| SCOTT ASHLEY CASCONE | ) | **SENTENCING MEMORANDUM** |
| | ) | |

The Defendant, Scott Ashley Cascone ("Defendant" or "Cascone"), by and through his undersigned counsel, hereby respectfully submits this Addendum to his Motion for a Downward Variance. *See* ECF No. 45. For the reasons provided in Defendant's Motion and herein, Defendant respectfully requests that the Court grant his Motion and sentence him to the statutory mandatory minimum term of imprisonment of 180 months.

### I.  SUPPLEMENTAL PROCEDURAL AND FACTUAL BACKGROUND[1]

On March 11, 2018, Cascone was charged in a twelve count Indictment. On August 9, 2019, Cascone pled guilty to Count One of the Indictment for production of child pornography in violation of 18 U.S.C. § 2251(a) and 2251(e). Pursuant to the Plea Agreement, the remaining counts of the Indictment were dismissed. On October 31, 2019, a Presentence Report ("PSR") was issued by U.S. Probation Officer Kelli M. Frye, which calculated the Total Offense Level at 40 with a Criminal History Category of II pursuant to the Guidelines.[2] As the PSR reflects, the advisory Guidelines range in this case, prior to a departure or variance, is 324 months to 360 months imprisonment. *See* U.S.S.G §

---

[1] Defendant outlined additional background information and the applicable legal standards in his Motion. *See* ECF No. 45.

[2] Defendant objected to the USSG 2G2.1(b)(2)(A) 2 level enhancement on the grounds that Defendant was not involved in the commission of either a sexual act or sexual conduct.

5G1.1(c). On January 17, 2020, Cascone filed a Motion for Downward Variance and Sentencing Memorandum, requesting that the Court impose a mandatory minimum sentence of 180 months. *See* ECF No. 45.

Since the date of his arrest in March of 2016, Cascone has remained in continuous custody at the Charleston County Detention Center, where he has taken full advantage of all alcohol treatment, substance abuse treatment, and rehabilitation programs available to him. Specifically, Cascone has substantially participated in and completed the Charleston Center's comprehensive Drug and Alcohol Program to address his significant drug and alcohol addiction. *See* Exhibit A (Charleston Center Letters). Recognizing his need for continued treatment, Cascone elected to continue to participate in the program after completion. *See id.* He has also volunteered and assisted numerous other inmates in the program. *See id.* In addition, Cascone has continued to seek medical and psychological treatment to further facilitate his rehabilitation. On July 16, 2022, Dr. Geoffrey McKee issued a final psychosexual evaluation report, in which he found that Cascone does not have Pedophilic Disorder; does not qualify as a Sexually Violent Predator; presents a low risk of danger to the community; presents a low risk of committing a new sex offense on supervised release; falls in the low-moderate risk categories for sexual recidivism; and is likely to substantially benefit from sex offense and substance abuse treatment in prison and on supervised release. *See* Exhibit B (Dr. McKee's Final Report).

## II.     <u>A VARIANCE IS WARRANTED UNDER 18 U.S.C. § 3553</u>

As discussed in Defendant's Motion, a variance from the Guidelines is warranted, and a sentence of the statutory mandatory minimum of 180 months with reasonable special

conditions upon release, is authorized and appropriate under the facts of this case. *See* ECF No. 45. Moreover, additional considerations further warrant a downward variance.

The factors in §3553(a)(1), concerning the history and characteristics of the defendant, support a sentence of 180 months. As an initial matter, Cascone's history of childhood trauma and abuse, including his adopted mother's premature death and the fact that he was victim of molestation, combined with the serious alcohol and substance abuse issues that he has struggled with throughout his life should be considered at sentencing. In addition, Cascone has already served over six years in custody at the Charleston County Detention Center prior to his sentencing, which has not only served as a significant sanction, but has also presented a meaningful opportunity for reflection and rehabilitation. Cascone has accepted full responsibility for his actions and feels deep, genuine remorse toward the victim, her family, and everyone else affected by his actions. *See United States v. Howe,* 543 F.3d 128, 138 (3d Cir. 2008) (finding that a defendant's degree of remorse may be considered as a basis for a downward variance from the Guidelines); *United States v. Wachowiak,* 496 F.3d 744, 747 (7th Cir. 2007) (recognizing sincere remorse and acceptance of responsibility as mitigating factors supporting a downward variance in a child pornography case)*; Soza v. United States,* No. 1:12CR278, 2014 WL 1338671, at *2 (E.D. Va. Apr. 3, 2014). Moreover, Cascone has also undergone extraordinary rehabilitation in the six years since his arrest. *See Pepper v. United States,* 562 U.S. 476, 481 (2011*)* (recognizing rehabilitation as a relevant sentencing factor); *United States v. Brock,* 108 F.3d 31, 35 (4th Cir. 1997) (finding, in a pre-*Booker* case, that a defendant's "extraordinary rehabilitation" may support a downward departure under the Guidelines); *United States v. Shanklin,* 570 F. App'x 288, 290 (4th Cir. 2014). During this time, Cascone

has completed and substantially participated in the Charleston Center's Drug and Alcohol Program. Notably, Cascone went above and beyond the Program's rigorous requirements, by electing to stay in the program after completion and by also offering substantial assistance to other inmates in the program. *See* Exhibit A (Charleston Center Letters). Moreover, Cascone has continued to receive medical and psychological treatment. Significantly, he fully recognizes the need for this treatment and is deeply committed to pursuing such treatment during and after his incarceration. As such, he respectfully requests the opportunity to enroll in any and all substance abuse treatment, sex offense specific treatment, and other rehabilitation programs while in the BOP's custody and on supervised release.

Furthermore, Cascone has received, and will continue to receive, significant assistance from his friends and family, who are all committed to provide the emotional, disciplinary, and financial support necessary for his continued rehabilitation and recovery. *See Wachowiak,* 496 F.3d at 747 (recognizing positive family support as a mitigating factor); *Soza*, 2014 WL 1338671, at *2 (same).

Moreover, as discussed in Defendant's motion, the Court should consider the extent the Sentencing Guidelines overstate the severity of the specific offense at issue, *see* 18 U.S.C. § 3553(a)(1), (2); *United States v. Brennick*, 134 F.3d 10 (4th Cir. 1998), and the "need to avoid unwarranted sentence disparities" among similarly situated defendants. *See* § 3553(a)(6). Cascone's conduct, which involves the electronic exchange of sexually explicit images with a 14-year-old female, while undoubtedly serious, does not warrant the recommended Guidelines sentence of 27-30 years, in light of the significant mitigating circumstances present in this case and the sentences imposed in other similar cases. S*ee*

*U.S. v. Riva*s, 575 Fed. Appx. 104 (4th. Circ. 2014) (imposing 180–month sentence for production and transportation of child pornography); *U.S. v. Wagner*, 88 Fed. Appx. 593 (4th Cir. 2004) (151-month sentence for production and possession of child pornography); *United States v. Henry*, No. 216CR20005PKHMEF1, 2017 WL 6757581, at *2 (W.D. Ark. Dec. 11, 2017) (15-year sentence for production of child pornography); *cf. Coogle v. United States*, No. 2:17-CR-00167-01, 2021 WL 126206, at *6 (S.D.W. Va. Jan. 13, 2021) (sentencing a defendant, who engaged in similar sexually explicit electronic communications with a minor and an undercover police officer, to 121 months imprisonment). Furthermore, it should be noted that Cascone's conduct is readily distinguishable from the traditional child pornography production case, which typically involves physical contact, proximity, and/or participation in a sexual act with the victim. *See U.S. v. Cox*, 744 F.3d 305 (4th. Cir. 2014) (imposing a 240-month sentence for a defendant, who produced sexually explicit photographs of a 12-year-old girl before committing sexual acts on her person); *United States v. Merrell*, 842 F.3d 577, 585 (8th Cir. 2016) (sentencing a defendant, who was convicted of production of child pornography for photographing, touching, and displaying a minor's genitals while she was sleeping, to 240 months imprisonment); *United States v. McDade*, 399 F. App'x 520, 524 (11th Cir. 2010) (sentencing a defendant, who had a mild intellectual disability, to 240 months for production of child pornography, where the defendant transported a minor to a house and filmed her being violently sexually assaulted by several men).

     Lastly, a sentence of 180 months, along with a lifetime term of supervised release with appropriate special conditions, which may include restrictions on Cascone's contact with minor children, restrictions on his use of computers and electronic devices, and

registration as a sex offender, would adequately serve the policy considerations and goals underlying the Section 3553(a)(2) factors. Notably, a sentence of 180 months (15 years), with an appropriate lifetime term of supervised release with the imposition of special conditions, is a significant and lengthy sentence which reflects the seriousness of Cascone's offense and which affords adequate deterrence to Cascone and other members of the public. Moreover, this sentence protects the public from any further crimes of Cascone, who, as noted above, is unlikely to engage in future criminal conduct upon his release with the appropriate counseling, treatment, supervision, and family support. *See* ECF No. 45-1 at 9; Exhibit B (Dr. McKee's Final Report). Lastly, imposition of this sentence will provide Cascone an opportunity for continued substance abuse treatment and other correctional treatment. *See* 18 U.S.C. § 3553(a)(2) (A-D).

## CONCLUSION

In sum, a sentence of 180 months is "sufficient but not greater than necessary" to provide adequate deterrence, just punishment, and an opportunity for correctional treatment to the Defendant. For the reasons provided in Defendant's Motion and herein, and for additional reasons which may be presented at sentencing, Defendant, by and through his undersigned counsel, respectfully requests that his Motion be granted.

    Respectfully submitted,

By:   s /Jerry N. Theos
      Jerry N. Theos, Esq. (Fed. I.D. 4055)
      Theos Law Firm, LLC
      11 State Street
      Charleston, SC 29401
      jerry@theoslaw.com
      (843) 577-7046
      **Attorneys for Defendant Scott Ashley Cascone**

July 27, 2022
Charleston, SC